IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| FRANK ROBINSON,            )<br>       Plaintiff,        )<br>                            )<br>  v.                        )<br>                            )<br>MR. C. DOTSON,              )<br>       Defendant.       )<br>                            ) | Civil Action No. 3:24CV730 (RCY) |

**MEMORANDUM OPINION**

      This is a civil rights action brought by *pro se* Plaintiff Frank Robinson, a former inmate at the Greensville Correctional Center in Greensville, Virginia, against Mr. C. Dotson, the Director of the Virginia Department of Corrections ("Defendant"), based on Plaintiff's allegation that he was detained beyond his release date. The case is presently before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion has been briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated herein, the Court will grant Defendant's Motion.

**I. RELEVANT BACKGROUND**

      Plaintiff was incarcerated in Greensville Correctional Center pursuant to a five-year sentence. Compl. Ex. A, ECF No. 1-1. On a Virginia Department of Corrections ("VDOC") "Legal Update" document attached to Plaintiff's Complaint and dated May 27, 2023, Plaintiff's Good Time Release date was listed as October 15, 2024. *Id.* This date and document notwithstanding, Plaintiff alleges that he was actually supposed to be released in July of 2024 but

was not in fact released until October 15, 2024.  Compl. 4–5.[1]  Further, Plaintiff alleges that while he was incarcerated, he was subjected to six months of solitary confinement.  *Id.*

Plaintiff filed his Complaint on October 17, 2024, two days after his release.  Compl., ECF No. 1.  Shortly thereafter, on December 27, 2024, Defendant filed the instant Motion to Dismiss, ECF No. 6, and a Memorandum in Support thereof, ECF No. 7.  On December 30, 2024, the Court issued a Notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), and *Milla v. Brown*, 109 F.4th 222, 233–34 (4th Cir. 2024), informing Plaintiff of the pending, dispositive Motion and his right and timeframe to respond.  ECF No. 9.  On February 3, 2025,[2] Plaintiff filed his Response to Defendant's Motion to Dismiss.  Resp. Opp'n, ECF No. 10.  Defendant did not file a reply, rendering the matter ripe for review.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint."  *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  A Rule 12(b)(6) motion "is not a procedure for resolving . . . contest[s] between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice & Procedure* § 1356 (4th ed. 2024).  Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell*

---

[1] The Court utilizes the pagination assigned by the CM/ECF system.  To the extent necessary, the Court corrects spelling and punctuation in the parties' submissions without further notation.

[2] Although Plaintiff filed his response two weeks late, the Court will still consider Plaintiff's Opposition to Defendant's Motion to Dismiss to the extent appropriate and relevant.  Given Plaintiff's *pro se* status and the fact Plaintiff provided documentation to justify his delay the Court will, this one time, excuse Plaintiff's late filing without requiring a motion for extension.  Resp. Opp'n Ex. D, ECF No. 1-1; *see Goran Glob. Grp. v. Glob. Geeks, Inc.*, 2022 WL 18599659, at *1, *1 n.1 (E.D. Va. June 7, 2022).

2

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* The plaintiff's well-pleaded factual allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). All reasonable inferences that can be drawn from the complaint are drawn in the plaintiff's favor. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020).

However, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.* Ultimately, though, "on a Rule 12(b)(6) motion, the burden lies with the movant to show entitlement to dismissal." *Ziegler v. Dunn*, 2024 WL 761860, at *2 (E.D. Va. Feb. 23, 2024) (citing Wright, Miller, & Spencer, *supra*, § 1357).

Also, a *pro se* complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure,"

*Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  So, a *pro se* complaint "must nevertheless set forth enough facts to state a claim." *Erwin v. FedEx Freight, Inc.*, 2023 WL 5959422, at *2 (E.D. Va. Sept. 13, 2023).

### III. DISCUSSION

Plaintiff alleges a due process violation by Defendant, a state actor, and so the Court construes this as a claim brought pursuant to 42 U.S.C. § 1983.[3] *See* Compl. 4 ("My right to due process was violated . . . .").  Plaintiff specifically alleges that Defendant failed to comply with Virginia Code Ann. § 53.1-202.3, which governs the rate at which sentence credits may be earned in the Virginia correctional system and how such sentence credits shall be awarded.  *Id.* at 5 ("I was being held illegal[ly] which was a violation of my civil and human rights[;] Va. Code [§] 53.1-202.3 is the recalculation of release dates law.").  Defendant generally moves to dismiss Plaintiff's Complaint for failing to allege facts specific to Defendant.  Mem. Supp. 2.  Construing Plaintiff's allegations liberally, as it must, *Erickson*, 551 U.S. at 94, the Court considers whether Plaintiff has stated any claims over which this Court may exercise jurisdiction.  For the reasons set forth below, the Court finds that he has not.

Section 1983 creates a cause of action to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims

---

[3] This statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

4

if such deterrence fails." *Wyatt v. Cole,* 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-257 (1978)). All causes of action under § 1983 require a plaintiff to allege "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Campbell v. Florian*, 972 F.3d 385, 392 n.5 (4th Cir. 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

"A state official can be in a § 1983 suit in three ways: in his personal [i.e., individual] capacity, his official capacity, or in a more limited way, his supervisory capacity." *King v. Rubenstein*, 825 F.3d 206, 223 (4th Cir. 2016). Suits against state officials in their official capacities "are treated as suits against the State," *Hafer v. Melo*, 502 U.S. 21, 25 (1991), and require a showing of some official policy or custom, *King*, 825 F.3d at 223 (citing *Graham*, 473 U.S. at 166). By contrast, suits against state officials in their individual capacities "seek to impose individual liability . . . for actions taken under color of state law." *Hafer*, 502 U.S. at 25. Finally, suits seeking to impose supervisory liability can only survive if the supervisor exhibited deliberate indifference to or tacit authorization of the constitutionally offensive practice(s). *King*, 825 F.3d at 224.

Defendant does not explicitly address the capacity in which he believes Plaintiff is endeavoring to hold him liable. Instead, Defendant argues that Plaintiff's Complaint fails, regardless, because Plaintiff does not identify "any facts explaining the Defendant's personal involvement." Mem. Supp. 2. In particular, Defendant contends that Plaintiff has not alleged that Defendant was involved in any wrongdoing, or that Defendant even had knowledge of Plaintiff's confinement. *Id.* Defendant argues that this by itself is fatal to Plaintiff's § 1983 claim. *Id.* ("Thus, '[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint

5

is properly dismissed, even under the liberal construction to be given pro se complaints.'" (quoting *George v. Clevinger*, 2022 WL 17182073, at *2 (W.D. Va. Nov. 23, 2022))).

Plaintiff's opposition to Defendant's Motion to Dismiss states that Defendant "was aware and is a retired judge, so he knew he was breaking the law." Resp. Opp'n 1. The factual assertion that Defendant "knew" about Plaintiff's deprivation of process is absent from Plaintiff's Complaint and therefore may not be considered.[4] Otherwise, Plaintiff's Opposition brief is largely unresponsive to Defendant's argument and merely seeks to introduce new claims and new information, which this Court may likewise not consider at this stage. *See supra* n.6.

The lack of cognizable rebuttal arguments from Plaintiff notwithstanding, the Court is obligated to ensure that dismissal is proper. *See Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). Accordingly, the Court will assess whether Plaintiff's Complaint states a claim against Defendant in any possible capacity: official, individual, or supervisory.

**A. Official Capacity**

Claims brought against a state actor in their official capacity require more than individual capacity claims. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 165–166 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). As the government entity is the real party, the entity's "policy or custom must have played a part in the violation of federal law," so much so to be the "moving force behind the deprivation." *Id.* at 166

---

[4] To the extent Plaintiff attempts to raise a Thirteenth Amendment violation or introduce additional facts through his Response to Defendant's Motion to Dismiss, Plaintiff may not amend his Complaint by way of briefing. *See Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) (holding that "a plaintiff may not amend her complaint via briefing") (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc*., 836 F.2d 173, 181 (3d Cir. 1988)); *see also Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *cf. Willner v. Dimon*, 849 F.3d 93, 114 (4th Cir. 2017) (affirming district court's denial of *pro se* plaintiffs' request for leave to amend that was made in their briefs, but not in a formal motion to amend).

(citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)) (internal quotation marks omitted); *see also Atkinson v. Godfrey*, 100 F.4th 498, 509 (4th Cir. 2024).

Plaintiff alleges no facts to implicate any policy or custom that may have played a part in the alleged constitutional violation. Indeed, as Defendant accurately points out, Plaintiff fails to allege any action taken or condoned by Defendant. *See generally* Compl. Thus, any claim against Defendant in his official capacity fails.

**B. Personal Capacity**

"For personal [i.e., individual] liability, 'it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" *King*, 825 F.3d at 223 (quoting *Graham*, 473 U.S. at 166). An individual capacity § 1983 suit requires proof of "direct culpability in causing the injury" inflicted. *See McWilliams v. Fairfax Cnty. Bd. of Supervisors*, 72 F.3d 1191, 1197 (4th Cir. 1996) (citing *Monell*, 436 U.S. at 692–94); *see also Octave v. Wade*, 2017 WL 465467, at *3 (E.D. Va. Feb. 3, 2017) ("Liability under 42 U.S.C. § 1983 . . . requires individual involvement in the constitutional wrongs alleged in the complaint . . . . [T]he culpability of one government official does not infect his or her colleagues by osmosis. Rather, a plaintiff must show some constitutionally wrongful action by each defendant he sues." (citing *McWilliams*, 72 F.3d at 1197)).

As the Court noted *supra*, Plaintiff fails to allege specific actions or involvement by Defendant; indeed, Defendant's name does not appear anywhere in the Complaint beyond the case caption and party information sections. *See generally* Compl. And although the Court acknowledges that Plaintiff does identify Defendant as the Director of VDOC, *see* Compl. 2, this fact alone cannot form the basis for Defendant's liability with respect to Plaintiff's alleged deprivation of process. *See Cuffee v. Dep't of Corr.*, 2017 U.S. Dist. LEXIS 224882, at *4 (E.D.

7

Va. Dec. 29, 2017) ("Normally, the Director of the Department of Corrections, Wardens, and Sheriffs are not liable under § 1983 just because they supervise persons who may have violated [a plaintiff's] rights."). Because Plaintiff has not alleged that Defendant was personally involved in some wrongful act, he has failed to state a § 1983 claim against Defendant in Defendant's individual capacity.

### C. Supervisory Capacity

Section 1983 liability cannot rest on a pure theory of *respondeat superior*. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[Section 1983] liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights. The doctrine of *respondeat superior* has no application under this section." (quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md. 1971), *aff'd* 451 F2d 1011 (4th Cir. 1971))). Instead, a supervisor may only be held liable where (1) he "knew that his subordinate 'was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury'; (2) his response showed 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between his inaction and the constitutional injury." *King*, 825 F.3d at 224 (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Plaintiff's Complaint is devoid of any allegations that would establish these necessary elements, and so the Court cannot find that Plaintiff has stated a claim against Defendant in his supervisory capacity, either.

### IV. CONCLUSION

As articulated in detail above, Plaintiff fails to state a claim against Defendant, because the Complaint is barren of any allegations tying Defendant to the complained-of constitutional violation. Thus, the Court will grant Defendant's Motion to Dismiss, without prejudice. *See King*

*v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (explaining that, where a *pro se* plaintiff has failed to state a claim to relief that is plausible on its face, district courts should dismiss without prejudice, give leave to amend, or explain why amendment would be futile). Out of deference to Plaintiff's *pro se* status, the Court will not yet dismiss the action. Instead, Plaintiff will be ordered to show cause why the action should not be dismissed by filing an Amended Complaint.

      An appropriate Order will accompany this Memorandum Opinion.

/s/ *RCY*
Roderick C. Young
United States District Judge

Date: August 12, 2025
Richmond, Virginia